# Supreme Court of Florida

———

No. SC2024-0433

———

**IN RE: AMENDMENTS TO FLORIDA PROBATE RULES.**

November 7, 2024

PER CURIAM.

The Florida Bar's Probate Rules Committee has filed a report proposing amendments to Florida Probate Rules 5.320 (Oath of Personal Representative) and 5.550 (Petition to Determine Incapacity).[1] The Committee initially proposed amendments to rules 5.095 (General and Special Magistrates) and 5.697 (Magistrates' Review of Guardianship Inventories, Accounting, and Plans) as well, but it subsequently rescinded the proposed amendments to those rules in response to a comment filed with the Court following publication in *The Florida Bar News*.

The Florida Bar's Board of Governors unanimously approved

---

1. We have jurisdiction. *See* art. V, § 2(a), Fla. Const.; *see also* Fla. R. Gen. Prac. & Jud. Admin. 2.140(b).

the proposal to amend rules 5.320 and 5.550.

Having considered the Committee's proposal, the comment, and the Committee's response and amended appendices, we amend the Florida Probate Rules as proposed by the Committee, with minor revisions. We amend rule 5.320 to include two oath forms, one to be used by individuals and another to be used by entities acting as personal representatives. We also amend rule 5.550 to require that both the notice of petition to determine incapacity and the petition be read to the alleged incapacitated person.

Accordingly, the Florida Probate Rules are amended as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by struck-through type. The amendments shall become effective January 1, 2025, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Probate Rules

Erin Farrington Finlen, Co-Chair, Probate Rules Committee, Fort Lauderdale, Florida, Zackary T. Zuroweste, Co-Chair, Probate Rules Committee, Clearwater, Florida, Alexandra V. Rieman, Past Chair, Probate Rules Committee, Fort Lauderdale, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

     for Petitioner

Hon. Mike Murphy, Circuit Judge, Ninth Judicial Circuit of Florida, Orlando, Florida,

     Responding with comments

**APPENDIX**

**RULE 5.320.   OATH OF PERSONAL REPRESENTATIVE**

Before the granting of letters of administration, the prospective personal representative ~~shall~~must file an oath to faithfully administer the estate of the decedent.

**(a)   Oath of Personal Representative; Entity.** For a trust company, corporation, association, or other entity, the oath must also contain a statement that the personal representative is authorized and qualified to serve under section 733.305, Florida Statutes. The oath must substantially comply with the following form.

[CAPTION]

OATH OF PERSONAL REPRESENTATIVE

STATE OF _____
COUNTY OF _____

I, _____, (affiant), state under oath that:

1.   I am _____ of _____, a:

_____   Trust company incorporated under the laws of Florida;

_____   State banking corporation authorized and qualified to exercise fiduciary powers in Florida under section 733.305, Florida Statutes;

_____   State savings corporation authorized and qualified to exercise fiduciary powers in Florida under section 733.305, Florida Statutes;

_____   National banking association authorized and qualified to exercise fiduciary powers in Florida under section 733.305, Florida Statutes; or

_____ Federal savings and loan associations authorized and qualified to exercise fiduciary powers in Florida under section 733.305, Florida Statutes;

and I am authorized to make this oath on behalf of the entity.

2.     The entity's place of business is _____ and post office address is _____ .

3.     The entity will faithfully administer the estate of the decedent according to law.

4.     The entity will promptly file and serve a notice on all interested persons at any time the entity would not be qualified for appointment and will include the reason the entity would not then be qualified and the date on which the disqualifying event occurred.

5.     The entity will file and serve a notice within 20 days on all interested persons, in the event there is a change in the entity's place of business or mailing address.

_____
Affiant

Sworn to (or affirmed) and subscribed before me by means of ___ _____ physical presence or _____ online notarization, this _____ day of _____, 20__, by _____ (name of person making statement).

_____
Signature of Notary
Public—State of Florida
(Print, Type, or Stamp Commissioned
Name of Notary Public)

Personally Known _____ or Produced Identification _____
Type of Identification Produced _____

- 5 -

**(b)    Oath of Personal Representative; Individual.** For an individual, Tthe oath shallmust also contain a statement that the personal representative has reviewed the statutes relating to the requirements for appointment as personal representative, that the personal representative is qualified to serve, and that the personal representative has a continuing duty to file and serve a notice upon the occurrence of an event that would disqualify the personal representative. If the petition is verified by the prospective personal representative individually, the oath may be incorporated in the petition or in the designation of resident agent. The oath for an individual shallmust substantially comply with the following form:

[CAPTION]

OATH OF PERSONAL REPRESENTATIVE

STATE OF _____

COUNTY OF _____

I, _____, (Aaffiant), state under oath that:

1.    I am qualified within the provisions of sections 733.302, 733.303, and 733.304, Florida Statutes, to serve as personal representative of the estate of _____, deceased. I have reviewed the statutes and understand the qualifications. Under penalties of perjury, I certify that the following statements are true:

a.    I am 18 years of age or older.

b.    I have never been convicted of a felony.

c.    I have never been convicted in any state or foreign jurisdiction of abuse, neglect, or exploitation of an elderly person or a disabled adult, as those terms are defined in section 825.101, Florida Statutes.

d.    I am mentally and physically able to perform the duties of personal representative.

e.    I am a resident of the State of Florida, or, if I am not a resident of the State of Florida, I am:

____    a legally adopted child or adoptive parent of the decedent;

____    related by lineal consanguinity to the decedent; a spouse or a brother, sister, uncle, aunt, nephew, or niece of the decedent, or someone related by lineal consanguinity to any such person; or

____    the spouse of a person otherwise qualified under ~~one~~1 of the provisions above.

2.    I will faithfully administer the estate of the decedent according to law.

3.    My place of residence is _____, and my post office address is _____.

4.    I will promptly file and serve a notice on all interested persons at any time I know that I would not be qualified for appointment and will include the reason I would not then be qualified and the date on which the disqualifying event occurred.

5.    I will file and serve a notice within 20 days on all interested persons, in the event there is a change in my residence address, street address, or mailing address.

_____
Affiant

Sworn to (or affirmed) and subscribed before me by means of _____ physical presence or _____ online notarization, this _____ day of _____, 20__, by _____ (name of person making statement).

_____
Signature of Notary
Public—State of Florida

(Print, Type, or Stamp Commissioned
Name of Notary Public)

Personally Known _____ or Produced Identification _____
Type of Identification Produced _____

## Committee Notes

It is contemplated the oath may be signed concurrently with the petition for administration and will be valid even if it predates the order appointing the personal representative.

### Rule History

1977 Revision - 2021 Revision: [No Change]

2024 Revision: Rule was amended to distinguish between the oath requirements for corporate and individual personal representatives. Committee notes revised.

### Statutory References

§ 733.302, Fla. Stat. Who may be appointed personal representative.

§ 733.303, Fla. Stat. Persons not qualified.

§ 733.304, Fla. Stat. Nonresidents.

§ 733.305, Fla. Stat. Trust companies and other corporations and associations.

§ 733.3101, Fla. Stat. Personal representative not qualified.

§ 825.101, Fla. Stat. Definitions.

### Rule References

[No Change]

## RULE 5.550.   PETITION TO DETERMINE INCAPACITY

**(a)   Contents.** The petition to determine incapacity must be verified by the petitioner and must state:

(1)-(2)     [No Change]

(3)   that the petitioner believes the alleged incapacitated person to be incapacitated, the facts on which ~~such~~the belief is based, and the names and addresses of all persons known to the petitioner who have knowledge of ~~such~~the facts through personal observation;

(4)-(9)     [No Change]

**(b)   Notice.**

(1)   *Contents.* The notice of filing the petition to determine incapacity must state:

(A)   [No Change]

(B)   that an attorney has been appointed to represent ~~such~~the alleged incapacitated person; and

(C)   that if the court determines that ~~such~~the alleged incapacitated person is incapable of exercising any of the rights enumerated in the petition, a guardian may be appointed.

(2)   *Service on Alleged Incapacitated Person.* The notice and a copy of the petition to determine incapacity must be personally served by an elisor appointed by the court, who may be the ~~court appointed~~court-appointed counsel for the alleged incapacitated person. The elisor must read the notice and petition to the alleged incapacitated person~~, but need not read the petition~~. A return of service must be filed by the elisor certifying that the notice and petition have been served on and ~~the notice~~ read to the alleged incapacitated person. No responsive pleading is required and no default may be entered for failure to file a responsive pleading. The allegations of the petition are deemed denied.

(3)  [No Change]

**(c)  Verified Statement.** An interested person may file a verified statement that states:

(1)  that ~~he or she~~the interested person has a good faith belief that the alleged incapacitated person's trust, trust amendment, or durable power of attorney is invalid; and

(2)  [No Change]

**(d)**  [No Change]

**(e)  Reports.**

(1)  *Filing.* Each member of the examining committee must file ~~his or her~~the examining committee member's report with the clerk of the court within 15 days after appointment.

(2)-(3)  [No Change]

**(f)**  [No Change]

**Committee Notes**

**Rule History**

1980 Revision - 2024 Revision: [No Change]

2024 Revision: Subdivision (b)(2) amended to conform to section 744.331(1), Florida Statutes. Committee notes revised.

**Statutory References**

[No Change]

**Rule References**

Fla. Prob. R. 5.020 Pleadings; verification; motions.

Fla. Prob. R. 5.040(a)(3) Notice.

Fla. Prob. R. 5.800(a) Application of revised chapter 744 to existing guardianships.

Fla. R. Gen. Prac. & Jud. Admin. 2.425 Minimization of the Ffiling of Ssensitive Iinformation.